# ISSUES Presented

1.) The state failed to Prove beyond a reasonable doubt that the said weapon used in the commission of said offense was a deadly weapon.

2.) The state failed to Prove Intent.

3.) The state failed to Prove a Threat had been made, beyond a reasonable doubt.

4.) The state failed To Prove a threat with intent for imminent bodily injury.

5.) The state failed to Prove an assault was committed.

6.) The evidence is legally insufficient To Support the conviction.

7.) Denial of due Process under the sixth and fourteenth Amendment.

8.) The evidence is factually insufficient To Support conviction.

9.) Prosecutional misconduct.

10.) Ineffective assistance of counsel.

11.) Inconsistent and contradicting Testimony of state's ~~witnesses~~.
witnesses

## STATEMENT OF CASE

Appellant, KIRT ALLEN Esthay, was charged with AGGRAVATED ASSAULT with a DEADLY WEAPON a 2nd degree felony, for an offense alleged To have occurred on AUGUST 24, 2013. The indictment (CRP. 7) also contained an Enhancement Paragraphs, therefore raising the Possible Punishment of 25 To 99 Years or life. The case was tried before a Jury beginning February 17, 2014. The Jury returned a verdict of guilty on February 18, 2014. The APPellant Pled true To both enhancements and the APPellant was Sentenced To Twenty five (25) Years in The Texas Department of Criminal Justice Institutional Division by the Court. The Court also found that the Defendant used or exhibited a deadly weapon. (Judgement CRP. 101.)

# STATEMENT OF THE EVIDENCE

ON August 24, 2013 the Eola VolUNteer Fire DePartmenT held a traP shoot to raise funds for their dePartment. The State Called STACI DorotiK who was the disPatcher for the fire dePartmenT. She testified that at some Point during the day the APPellant, Kirt Allen Esthay, had showed uP and he reeked of Alcohol. APPellant was said to have been Causing trouble, bouthering PeoPle ParticiPating. mrs DorotiK claims APPellanT had been tring To Talk with her. (3RR 27; 10-11:) Mrs DorotiK testified She had told APPellant to leave her alone and to leave. STATE Asked mrs DorotiK if the Person she had Just described was in CourT Today, Mrs DorotiK was unable to Identify APPellanT, ontill state Lead her there (3RR28;15-25) (3RR29; 2-14) DeFense did not obJect. Mrs DorotiK testified that she loaned her Phone To some one so that they could call the Police for her. She claimed it was Close to dark and they were tearing everything down. Mr DorotiK testified that this all haPPened about 8:00Pm maybe 9:00Pm and APPellanT was still there off and she hadn'T Known what haPPened when APPellant wasn't there any longer. (3RR 35; 7-18')

Pg3.

## STATEMENT OF THE EVIDENCE

ON AUGUST 24, 2013 the Eola Volunteer Fire Department held a trap shoot to raise funds for their department. Mrs Dorotik testifying for the State Mrs Staci Dorotik was the dispatcher for fire department. She testified that at some point during the day the appellant, Kirt Allen Esthay, had showed up and he reeked of alcohol. Appellant was said to have been causing trouble, bouthering people participating. Mrs Dorotik claimed appellant had been trying to talk with her. (3RR 27; 10-11:) Mrs Dorotik testified she had told appellant to to leave her along and to leave the event. State asked Mrs Dorotik if the person she had just described was in court today. Mrs Dorotik was unable to identify appellant, ontill stated Lead her ~~Here~~ (3RR 28; 15-25:) (and, 3RR 29; 2-14:) Mrs Dorotik had loaned her phone to some one so that they could call the law for her. She claimed it was close to dark when this took place 8:00 or 9:00. They were tearing everything down. Mrs Dorotik testified that this all happened close to dark

but she did not know what had happened when appellant wasn't there any longer. (3RR 35; 7-18:)

Mrs Staci Dorotik testified that she didn't know where appellant went when he wasn't there any longer. (3RR35; 16-18:) Mr Torres testified that he didn't see another deputy up at the trap shoot he saw a police car. (4RR32; 24-25:) Officer said the club or stick that mr Cervantes had was not part of the evidence. 3RR116; 11-21 Officer admit's that she never looked for the stick, or club (3RR117; 15-17) (3RP117; 21-23) Officer Maritz testified she had not stop any where before getting to the appellant, not even the Luna's house. (3RR119; 16-21:) Officer testified that she searched the immediate area. And now she searched Mr Cervantes front yard. (3RR118; 3:) (3RR118; 8:) Officer Maritz earlyer testimony Oficer said, admits she didn't go to the crime scene after the arrest (3RR117; 22-23) officer Maritz testified she had not stopped any where befor get to the appellant (3RR119; 16-21) Office admits she didn't have the fact that mr Cervantes had a club in her report. 3RR121; 19: Officer Maritz admits she did not take there statements, but she had been told about it and she had read it. (3RR115; 12-25:) (3RR116: 1-3:)

Pg5

Deputy GeorGina Maritz Testifying For the State. Deputy Maritz testified that she had been disPatched around 6:35 Pm and arrived around 6:53 Pm, and had Placed APPellant in handcuffs and sat him on the ground, Officer Maritz then talked to Staci Dorotik, while aPPellant was hand-cuffed and sitting on the ground. (3RR 92; 14-19:) (3RR119; 1-3:)(3RR96; 1-2:) (3RR108; 17-25:) Mr Michael Cervantes testified it all happened at 1:00 Pm. (3RR 57; 10-12:) Mr Guadalupe Luna testified that everything haPPened 4:00 Pm 4:30 Pm. (3RR 83; 16-21:) Direct examination, State Calls Michael carvanTes VolunTarily testified about Prior Criminal record ThereFore leaving a false imPression with Jury. (3RR 39; 7-21:)



STATES witness Mr Cervantes Testified That he Looked in the back of his truck and gets a couple of stakes out. APPellant can only think of the movie, Walking Tall. APPellant is of a world were 2+2 @quals = 4 Four. But Yet Feels as if Hollywood has casted this roll.

The criminal ePisode begins when the attackers in any way restricts the victims Freedom of movemenT and it ends with the Final release or escaPe of the Victim from the attackers control. Cruz v. State 238 s.w. 3d 389, 398 (Tex APP - Houston] 1st Dist [2006, NO PeT) citing Burms v. State. 728 s.w. 2d 114, 116 (Tex APP Houston [14Th Dist) 1987. PeT refd) See Figueroa v. State, NO. 07-05-0314 - CR. 2006 Tex APP Lexis 2603, 2006 wL 825036 at 2 Tex APP - Amarillo 2006, noPeT)

STATEs, witness TesTified ThaT at some PoinT APPellanT starts calling Mr Cervantes daughter, There is nothing about any Kids any were, nothing, a Statement of Mr Cervantes, or either of the OFFicer's rePorT. Being a father, the world would have Known. (4RR12; 10-25:) (4RR 13; 4-21) SuPreme CourT held that the denial of the right of effective Cross-examination was Constitutional error of the First magnitude requiring automatic reversal 719 F.2d at 1464 quoTing Davis v. AlasKa 415 us 308, 318, 39L Ed 2d 347, 94 S. cT 1105 (1974)   Pg 8

Mr Cervantes testified that once the sheriff's department showed up he did not come out not untill everything was over.(3RR 53:19-20) Mr Cervantes turned around and testified That he did not come back out untill the sheriff showed up. (3RR 60; 8-9) Mr Cervantes testified that Luna tried to make appellant put the knife away and get Appellant To inside.(3RR 52; 16)(3RR52;20:) Mr Cervantes want's to make sure he covers all ground, He also testified that mr Luna get Appellant To go back where they were because he went inside.(3RR 52; 21-23:) The State starts testifying for witness(3RR52;24-25: (3RR53;1-11:) Mr Cervantes Testified that Mr Luna escorted Appellant back to his house, but he's not sure. But mr Luna go's back to the clay shoot.(3RR53; 8-10:) ~~Defendants, cross examination~~ Mr Luna Testified, That ~~he asked app~~ once he ~~gotten~~ arrived he told Appellant, what's going on, and That Appellant and Mr Cervantes was just talking. Mr Lung Testified he Told mr cervantes To go insi and Told Appellant to leave because he was going to call the law, and when They started separating he toke ~~his to~~ off to go call ~~this~~ cops. Mr Luna's Testimony is not ~~anything like~~ any thing Like Mr Cervantes. See 3RR52:16-25 (3RR53:8-20)

3RR74:16-24

Pg 5.

Pg 9.

Mr Cervantes testified that once the sheriff's department showed up he did not come out not untill everything was over.(3RR 53:19-20) Mr Cervantes turned around and testified ThaT he did not come back out untill the sheriff showed up. (3RR 60; 8-9) Mr Cervantes testified that Luna tried to make appellant put the knife away and get appellant To inside.(3RR 52;16 )(3RR 52;20:) Mr cervanTes want's to make sure he covers all ground, He also testified that mr Luna get appellant To go back where they were because he went inside.(3RR 52; 21-23:) The state starts testifying for witness (3RR52;24-25: (3RR 53;1-11:) Mr CervanTes Testified that Mr Luna escorted appellant back to his house, but he's not sure. But mr Luna go's back to the clay shoot. (3RR 53;8-10:) ~~Defendants; cross Examination~~ Mr Luna Testified, ThaT ~~he asked aff~~ once he ~~got to~~ arrived he told appellant, what's going on, and ThaT appellant and Mr cervanTes was Just talking. Mr Luna Testified he Told mr cervanTes To go insi and Told appellant ~~to~~ leave because he was going to call the law, and when They started seParating he toke ~~to to~~ off to go call ~~cops~~ ~~cops~~ mr Luna's Testimony is not ~~anithing~~ anything Like Mr CervanTes. See 3RR52:16-25 (3RR 53:8-20)

If Counsel had impeached the testimony of state witnesses officer Georgino Maritz, and Michael Cervantes, Guadalupe Luna Jr, there credibility would have obviously been so weak as to undermind confidence in the verdict under Johnson V. State, 23 S.W. 3d 1 (Tex Crim. APP 2000)

Petitioner directs to no evidence, insufficient to show the appellant exhibited a deadly weapon, also insufficient To show defendant used or intended to Use the Knife so as to inflict serious bodly harm or death, Harris V. State, 562 S.W. 2d 463 (1978) also. S.W. 2d 285, 1480)

insufficient to establish That The Knife he exhibited was a deadly weapon. BenJamin Davidson Jr APPellanT V. The State of Criminal APPeals of Texas 602. S.W. 2d 272; 1980) The allegation of ineffective assistance of counsel will be sustained only if they are Firmly Founded. Johnson V. State 614. S.W. 2d 148 (Tex Crim APP 1981)

KE
P9112

The court in agurs Justified this standard of materiality on the grounds that the knowing use of Perjured testimony involves Prosecutorial miconduct and more importantly, involves a corruption of the truth seeking Function of the trial Process Id, at 104,49 LEd 2d 342, 96 S.ct 2392.

The courts would have to Put blinders on as to not see all of the Perjured testimony of each one of the states witness. Staci Dorotik, Maritz, each one of these witnesses have contradicted their own testimonys as well as onenother.

(Inconsistency of statements) as grounds for Impeachment in general. Rules of evid, rule 608(b) 609(a)

Factual Sufficiency; Petitioners Factual sufficiency arguments are based on the Facts of the record For aPPeal.

Defendants cousel's Performance was deficient, because counsel made errors so serious as to deprive the defendant of a fair trial with a reliable result.

Comming out of the gate, state already made a substantial showing of denial of constitutional rights, under the sixth and fourteenth amemdment. State witnesses testifying volunTarily about Prior criminal record. Michael Cervantes and Guadalupe Luna. Jr. (3RR 39; 4-21) (3RR 67; 3-20) And Officer Maritz Georgino should have also been impeached for falsely testifying (3RR 85; 17-22) (CR; 8:) Petitioner's factual sufficiency arguments are based on the facts of the record for APPeal. Defendant's Counsel's Performance was deficient because counsel made errors so serious that he was not functioning as the "Counsel" guaranted the defendant by the Sitth and fourteenth amendment and counsel's errors were so serions as to dePrive the defendanT of a fair trial with a reliable result.

Being a Parent and having someone around you didn't trust around your Kids as Mr Cervantes stated; (3RR 46; 10-11) How could you not Know if they were Playing around that Person If Mr Cervantes has claimed the Kids were Play in back of Truck not Know aPPellant, if there or not. (3RR 46; 7-13) APPellant's Point being this never haPPened, there was no Knife. Mr Cervantes testified that APPellant Pulled a weaPon, a Knife when he gets out of his truck, but yet he could Look, and reach in back of his truck and get a Stick, Stake, or club, wood mean; The criminal ePisode begins when the attacKer in anyway restricts the victims Freedom of movement and it ends with the final release or escaPe of the victim from the attacKers control. Cruz V. State 238 s.w.3d 389, 398 (Tex APP-Houston] 1st Dist [2006, No Pet.) Citing Burms V. State. 728 s.w.2d 114, 116(Tex APP Houston (14Th Dist) 1987. Pet refd). see Figueroa V. State, No. 07-05-0314-CR. 2006 Tex. APP. LEXis 2603, 2006 WL 825036, at 2 Tex APP-Amarillo 2006, No Pet) not designed.

Pg 14

It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant commited each elemend. XIV; Tex Code Crim Proc. Ann art. 38.03 (vernon supp 2008:) Tex Penal code ann. § 2.01 Evidence is legally insufficient if when viewed in a light most favorable To the Prosecution, a rational trier of fact Could not have found each element of the offense beyond a reasonable doubt. Jackson V. Virginia, 443 U.S. 307, 318, 99 S. ct 2781, 2789, 61 L. Ed 2d 560, 573 (1979) Laster V. State, 275 S.w. 3d 512, 517 (Tex crim APP. 2009) Mrs Porotik could not Identify APPellanT without being Lead by the states Attorney (3RR 28; 19-25) Therefore dening APPellants fourteenth amendment, Prohibitting a conviction except upon Proof beyond a reasonable doubt of every fact necessary to constitute the crime with which a defendant is charged.

STATES witness Michael Cervantes Testified that APPellont was really at the Back of his truck, his later testimony also Place's he's Kids in back of the truck. Being at back of truck; (3RR 46; 10-19;) Kid's Playing back of truck; see (3RR 49; 16-18;)

Pg15.

The court reasoned that a deliberate deception known to be Perjured is inconsistent with the rudimentary demands of Justice Id at 112 79 L Ed 791, 55 S.ct 340, 98 ALR 406. The court reaffirmed this Principle in broader term in Pyle V. Kansas 317 US 213 87 L Ed 214, 63 S.ct 177. (1942). Where it held that allegations that the Prosecutor had deliberately suppressed evidence favorable to the accused and had Knowingly used Perjured testimony were suficient to change a due Process violation.

CF. NaPue V. Illinois, 360 US. 264, 269, 3 L Ed 2d 1217, 79 S.CT 1173 (1959) The Jury estimate of the truthfulness and reliability of a given witness may well be determinative of the witness in testifying falsely that a defendants life or Liberty may depend.

The court in Agurs Justified this standard of materiality on the ground that the Knowing use of Perjured testimony, involves a corruption of the truth seeking Function of the trial Process Id, at 104, 49 L Ed 2d 342, 96 S.ct 2392.

It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant commited each elemend. XIV; Tex Code Crim Proc. Ann art 38.03 (vernon Supp 2008;) Tex Penal code ann. § 2.01 Evidence is legally insufficient if when viewed in a light most favorable To the Prosecution, a rational trier of fact could not have found each element of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S. cT 2781, 2789, 61 L. Ed 2d 560, 573 (1979) Laster v. State, 275 S.W. 3d 512, 517 (Tex crim App. 2009) Mrs Dorotik could not Identify Appellant without being Lead by the State. (3RR 28; 19-25:) Therefore dening Appellants fourteenth amendment, Prohibitting a conviction except upon Proof beyond a reasonable doubt of every fact necessary to constitute the crime with which a defendant is charged:

The court in Agurs Justified this Standard of materiality on the ground that the Knowing use of Perjured testimony involves Prosecutorial misconduct and, more importantly, involves a corruption of the truth seeking function of the trial Process Id, at 104, 49 L Ed 2d 342, 96 S. Ct 2392.